**Betty Isen KESSLER, Plaintiff,**

v.

**The LINCOLN NATIONAL LIFE INSURANCE COMPANY, Defendant.**

**Civ. A. No. 85–0511.**

United States District Court, District of Columbia.

Sept. 20, 1985.

---

Marvin Waldman, Bethesda, Md., for plaintiff.

Charles H. Fleischer, Randall C. Smith, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff's decedent, a doctor, purchased two policies of life insurance from the predecessor of the defendant insurance company. He purchased the policies in the face amounts of $35,000 and $25,000 in 1951 and 1955, respectively. He elected settlement in installments payable over 15 years, and subject to spendthrift limitations on anticipation or alienation of the proceeds. In 1968, the insured changed the beneficiary clause in details not here relevant, leaving intact the 15 year installment settlement and the spendthrift clauses. The insured died on December 4, 1983. The settlement option in place at the time of his death was unchanged since 1968. It provided for installment payments to his widow, the plaintiff here, for 15 years. If she did not survive her husband for 15 years, the remaining installments went to their daughters, or the lawful children of a deceased daughter.

After the death of the decedent, the insurance carrier tendered the first installment to the plaintiff, decedent's widow and primary beneficiary. She rejected the tender and demanded a lump sum settlement. When the insurer rejected this demand, this suit followed. It is now before the Court on Defendant's Motion for Dismissal [sic], and, Alternatively, for Summary Judgment (filed April 2, 1985) and Plaintiff's Motion for Summary Judgment on Count I (filed May 17, 1985). Since there is no dispute about material facts, the case is susceptible to disposition on the pending motion.

Although plaintiff advances some imaginative theories, they are more advanced than the precedents (particularly the District of Columbia authorities) will justify. Plaintiff makes three arguments: (1) all of the beneficiaries have waived, and are entitled to waive, any right to installment payments; (2) the insurer negligently failed to advise the insured to change the settlement to lump sum despite a 1981 change in the federal estate tax law which reduced a tax advantage inherent in the installment settlement; and (3) in any event, a contract to accept 15 installments instead of a lump

sum is so inequitable that the Court should rescind it.[1]

■ Plaintiff and her two daughters have, since decedent's death, executed indemnifications and releases whereby they purport to waive and renounce all rights under the installment settlement provisions. Citing "the applicable law of will and trusts," plaintiff claims that she and her daughters are entitled to renounce their life insurance proceeds. Plaintiff's Memorandum at 9. She argues that the insurance policy "impliedly anticipated" renunciation by providing for lump sum payment to the estate if both plaintiff and her daughters predeceased the insured. *Id.* But plaintiff's "implied anticipation" argument is dubious because by the very words of the settlement provision it is obvious that it anticipated the *deaths* of the beneficiaries, not renunciation by them. For whatever reason, not necessarily confined to estate tax or other economic considerations, the insured chose installment payments with a spendthrift provision. The waiver of the installment and spendthrift terms would change the agreement between the insured and the carrier. Moreover, there is no ambiguity in the option provision of the insurance contract as to decedent's intent. Absent ambiguity, parole evidence is not admissible to vary decedent's clear intent as expressed in the contract. *King v. Industrial Bank of Washington,* 474 A.2d 151, 155 (D.C.App.1984). Consequently, plaintiff's claims as to decedent's estate and tax plans, his will, and conversations between plaintiff and decedent are irrelevant. But, most importantly, the special rules which permit a beneficiary of a will or trust to renounce the benefit and take by intestacy, have no application to insurance contracts. *See generally* 44 Am.Jur.2d Insurance § 1770 (1982 & Supp. 1984).

Finally, as defendant points out, a waiver by the adult beneficiaries cannot bind infant and unborn contingent beneficiaries. Anticipating this last problem, plaintiff suggests the Court appoint a guardian *ad litem* to protect the interests of unborn beneficiaries. Plaintiff's Memorandum at 13. This course of action is inappropriate, however, because the contract of insurance is binding upon them as well.

■ Plaintiff's second argument charges the insurance carrier or its agent with negligent failure to protect the insured during his lifetime from the disadvantageous consequences of a 1981 change in the estate tax law, and the realities of the time/cost of money which, plaintiff contends, made a installment settlement less advantageous for the insured and his named beneficiaries and more advantageous for the carrier. It may well be that the decedent made, and failed to adjust to, a bad bargain with the insurance company and that insurance companies and their agents should be obligated to protect policyholders from the consequences of tax law changes. But federal and state legislatures and local courts are the fora with authority to correct any such failures by life insurance companies. Moreover, even if a court of equity could and should reform a contract like this one because of a significant tax law change, there is no District of Columbia decision cited as direct or even tangential precedent for such a judicial remedy.[2] Our Court of Appeals has strongly admonished federal

---

1. Plaintiff originally advanced a fourth argument that no contract existed between decedent and the insurance company because the insurance company never formally accepted decedent's offer of a lump sum settlement. Upon examining the insurance policies, however, plaintiff's counsel discovered that they were in fact endorsed by defendant and thus plaintiff has withdrawn this claim. Plaintiff's Memorandum of Points and Authorities in Support of Her Motion for Summary Judgment and in Support of Her Opposition to Defendant's Motion for Dismissal and Summary Judgment (Plaintiff's Memorandum) at 7 (filed May 17, 1985).

2. Even California courts deny relief in circumstances analogous to this one. *See, e.g., Gibson v. Government Employees Insurance Company,* 162 Cal.App.3d 441, 208 Cal.Rptr. 511 (5th Dist. 1984).

district courts to await and follow, but not to create, local law precedents in circumstances like this. *See, e.g., Schneider v. Lockheed Aircraft Corp.*, 658 F.2d 835, 851 (D.C.Cir.1981); *Gatewood v. Fiat, S.p.A.*, 617 F.2d 820, 826 n. 11 (D.C.Cir.1980). Therefore, absent a duty, supported by legal precedent, of an insurance carrier to advise its insured of changes which affect the insured's policy, this Court must decline to impose such an obligation.

■ Plaintiff's third claim, that the contract is unconscionable and thus should be rescinded, must also be rejected. There is no evidence presented here of anything approaching fraud or duress—the traditional requisites for recission. In fact, this settlement provision was entirely optional. Decedent had a choice of settlement options and voluntarily chose this one. Decedent is entitled to have his chosen option enforced and followed. Recission in this case is thus completely unwarranted.

Plaintiff's disappointment with the tax and financial consequences of this insurance contract is understandable, but relief for her is beyond the authority of a federal district court. Possibly, this result will alert other policyholders to reconsider their insurance arrangements in light of changing tax laws and the realities of compound interest. It may also remind innovative counsel that, whatever may be the attractions for them of federal courts in matters of this kind, state courts can take initiatives and provide remedies not available in federal court.